UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MATTHEW NOEL CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15-cv-00315-JMS-MJD |
| | ) | |
| HOUMAN KIANI Dr.,[1] | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Denying Motion for a Preliminary Injunction**

Plaintiff Matthew Noel Carter seeks a preliminary injunction directing that he be provided with "an alternative medical provider." For the following reasons, his motion for a preliminary injunction [dkt 9] must be **denied**.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). Granting a preliminary injunction is "an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Roland Mach. Co. v. Dresser Indus., Inc.,* 749 F.2d 380, 389 (7th Cir.1984).

Mr. Carter has not shown his entitlement to the relief he seeks. First, the defendant has not yet been served or appeared in this action and the plaintiff has not shown what efforts he has taken, if any, to serve his motion for a preliminary injunction on the defendant. In addition, while the purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily

---

[1] All claims against defendants Franklin County Security Center, Sheriff Kenneth Murphy, Jennifer Wolfrum, and Mr. Johnson were dismissed in the Entry of October 27, 2015. The **clerk shall terminate** those defendants on the docket.

favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined, *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981), the plaintiff seeks a change in the status quo, namely that he be provided a different doctor. Further, to prevail on a motion for a preliminary injunction, the plaintiff must show that he has a reasonable likelihood of success on the merits. *Kiel v. City of Kenosha,* 236 F.3d 814, 815-16 (7th Cir. 2000). The Court does not tread lightly into the realm of prison administration. Deference must be given to the states in the operation of their prisons, and even if violations are identified, states must be accorded "'the first opportunity to correct errors made in the internal administration of their prisons.'" *Lewis v. Casey*, 518 U.S. 343, 362 (1996) (quoting *Preiser v. Rodriguez,* 411 U.S. 475, 492 (1973)). The plaintiff alleges in a conclusory fashion that the defendant has exhibited deliberate indifference to his serious medical needs. He has not provided enough evidence that he will succeed on his claim to support a ruling directing that he be treated by a different doctor. Because the plaintiff has not shown he is entitled to the relief he seeks, his motion for a preliminary injunction [dkt 8] is **denied**.

　　　　IT IS SO ORDERED.

Date: _November 13, 2015_

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Matthew Noel Carter
244615
Putnamville Correctional Facility
1946 West US Hwy 40
Greencastle, IN 46135